■ In the Matter of LATONIA TAYLOR et al., Appellants, v CITY OF NEW YORK, Respondent.—In a proceeding seeking the entry of an order of filiation declaring the infant petitioners to be the children of Rudolph Taylor, Jr., deceased, and to have the infant petitioners' birth certificates amended to show their legal surnames and to include the surname of their biological father, the petitioners appeal (1) from an order of the Supreme Court, Kings County (Spodek, J.), dated March 12, 1986, which denied the application for an order of filiation and to amend the infant petitioners' birth certificates, without prejudice to renewal in the Family Court, and (2), as limited by their brief, from so much of an order of the same court, dated June 13, 1986, as, upon renewal and reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 12, 1986 is dismissed, without costs or disbursements, as that order was superseded by the order dated June 13, 1986 made upon renewal and reargument; and it is further,

Ordered that the order dated June 13, 1986 is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court exercised its discretion correctly in determining that the Family Court was a more appropriate forum for the determination of the petitioners' application for a filiation order *(see,* Family Ct Act § 511). Mangano, J. P., Bracken, Niehoff, Kooper and Spatt, JJ., concur.